WILSON v. THE HAWKEYE INS. CO.

1. **New Trial**: VERDICT WITHOUT EVIDENCE. Where in an action on a policy of insurance, to recover for the loss of a mare and a colt by wind and lightning, there was no evidence that the injury to the mare was caused by either wind or lightning, and the colt was worth only $50, but the verdict was for $150, *held* that the court should have set the verdict aside on defendant's motion.

2. **Insurance**: WAIVER OF CONDITIONS OF POLICY: INSTRUCTIONS. Where in an action on a policy of insurance an issue arose as to the

waiver of certain conditions in the policy, it was the duty of the court to give the jury proper instructions on that issue.

*Appeal from Sac District Court.*

THURSDAY, OCTOBER 28.

ACTION upon a policy of insurance. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*E. R. Duffie,* for appellant.

*Geo. R. Sanderson,* for appellee.

BECK, J.—I. The policy insures plaintiff against loss or damage on horses and colts or unbroken horses, caused by fire, lightning, high winds, cyclones and tornadoes. This action is brought to recover the value of a colt, the death of which was caused, as it is claimed, by lightning and high wind, and for damages sustained by injuries to a mare from the same causes. The defendant pleads as special defenses that no notice of the loss, nor proof of loss, was given and furnished to defendant as required by conditions of the policy. In reply, plaintiff alleges that violations of the conditions were waived by defendant by acts pleaded in the reply.

1. NEW trial: verdict without evidence.

II. In our opinion there is not a particle of evidence tending to show that the injuries to the mare were caused by either lightning or wind, and if there be any evidence tending to show injuries to the colt from these causes, it is very minute. A brief statement of the testimony upon these points will justify the correctness of this conclusion. The plaintiff testified as follows: "On the night of the twentieth or morning of the twenty-first of June, 1885, I had some stock injured, and one, a colt, died from the effect. They were injured in the pasture on my place. I can only judge how they were injured from the storm and appearance of the stock, the marks on the ground, and so on. It is the

only way I have to make any conclusions. The storm was wind and lightning. It continued probably half the night. This pasture was enclosed with a wire fence,—two wires. One of the colts lived about three weeks. I saw it the next morning after the storm. It appeared dumpish. Its eyes stood out like an animal terribly frightened. It had some slight cuts on the forward leg, and some slight cuts on the hind leg. It would eat, but seemed to get weaker till it died. This colt was a year old past when it died. It was worth $50 in the market. The other animal that was injured was a mare three years old past. The mare was badly cut with wire. The main cuts were on the left side. Apparently the mare was forced into the fence on the left side in the first place, and wounded by the fence on the leg on the right side. On the body there were no marks on the right side. I bought the mare over a year before from Mr. Cobb. He raised the mare. His pasture is fenced with wire. When I found her the mare was wounded so bad we could not judge of anything that affected her but the wounds. She was just able to move. I could not see anything but what might have been from the effects of the wounds on the mare. She was worth $150 previous to the injury. After, she would not have brought ten dollars." He further testified that he and his team were, on one occasion, "shocked" by lightning, which did not materially affect his horses. "It simply threw them back on their haunches."

Another witness testified that the colt "acted dumpish after the injury;" that it was not cut badly by the wire. A third witness testified that the "colt was cut up on the legs, and acted as though shocked by lightning." He testified that he had seen animals which were struck by lightning, and "they acted the same as the colt." He further testified as follows: "The mare was cut on the left legs and side. I do not think the mare appeared injured aside from the cuts." A fourth witness testified that he thought the colt was hurt by lightning; that "it had no use of itself." He further

states that he saw indications of lightning striking the ground about twenty rods from the fence. Testimony was given by the plaintiff to the effect that he saw indications of the lightning striking the ground, and of animals struggling on the ground.

The evidence does not disclose the character of the wind, nor any fact tending to show that the injuries to the animals were caused by high wind. There is not one word of testimony, not even an opinion of a witness, that wind or lightning had anything to do with the injuries to the mare. There is an utter absence of proof upon this point. There is *some* evidence tending to show that the colt was injured by lightning; none whatever by wind. The evidence shows that the colt was worth $50, and that it died from the injuries. The verdict was for $150. The plaintiff, therefore, recovers $100 for injuries to the mare in the absence of any proof that she was injured by lightning or wind. In our opinion the district court ought to have sustained defendant's motion for a new trial, on the ground that the verdict is not supported by the evidence.

II. Other questions discussed by counsel need not be considered. We may, however, remark that the district 2. INSURANCE: court ought to have given the jury proper waiver of conditions of instruction upon the issue of waiver of the policy: instructions. breaches of the conditions of the policy, which was wholly omitted. It is not proper for us to suggest the instructions which should have been given, except that they should have been sufficient to direct the jury what facts would authorize them to find a waiver, and other proper rules of the law applicable to this branch of the case.

The judgment of the district court is

REVERSED.